```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

CURT A. RIVARD, JR.,            :
                                :
    Plaintiff,                  :
                                :
    v.                          :    CASE NO.  3:09cv2075(DFM)
                                :
ORLANDO PEREZ, et al.,          :
                                :
    Defendants.                 :
```

### RULING ON PLAINTIFF'S MOTION IN LIMINE

In this 42 U.S.C. § 1983 action, the plaintiff alleges that the defendants, State of Connecticut judicial marshals, used excessive force.  The defendants deny the plaintiff's allegation and contend that the amount of force used was reasonable.  Pending before the court is the plaintiff's motion in limine. (Doc. #117.)

The plaintiff first seeks to exclude all evidence of his prior convictions.  Within the past ten years, the plaintiff has been convicted of arson, burglary and multiple assaults including assaults against judicial marshals.  See Defs' Ex. 12.  Plaintiff also has a misdemeanor conviction for interfering with an officer.

Fed. R. Evid. 609 "requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' Fed. R. Evid. 403. This

determination is left to the sound discretion of the district court."  United States v. Estrada, 430 F.3d 606, 621 (2d Cir. 2005).

In balancing the probative value against prejudicial effect under Rule 609, courts examine "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing to United States. v. Hayes, 553 F.2d 820, 828 (2d Cir. 1977)).

The court has weighed the relevant factors.  The plaintiff's motion is granted in part and denied in part.  Evidence as to the date of the plaintiff's felony convictions and the sentence imposed is admissible.  Because of the similarity to the conduct at issue, the names of the convictions are not admissible because the probative value of this information is substantially outweighed by the danger of unfair prejudice.  See Titty v. Ashcroft, No. 3:04cv410(DFM), 2010 WL 1677757, at *3 (D. Conn. Apr. 23, 2010) (same); Lewis v. Venez., 149 F.R.D. 474 (S.D.N.Y. 1993) (where inmate alleged defendant correction officers used excessive force, court granted plaintiff's motion in limine to preclude admission of his prior assault conviction as unduly prejudicial).  During the final pretrial conference, plaintiff's counsel indicated that he will elicit this information from the plaintiff during direct

examination.[1]  In response, defense counsel withdraws exhibit 12, which documents the plaintiff's convictions.

The plaintiff also moves to exclude exhibit 14, the transcript of the plaintiff's September 12, 2007 plea before the hearing.  The transcript explicitly refers to the nature of the plaintiff's convictions.  (Indeed, the defendants are offering the exhibit for precisely that purpose.)  The document is precluded because the probative value of the name of the plaintiff's convictions is substantially outweighed by its prejudicial effect.

SO ORDERED at Hartford, Connecticut this 9th day of September, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

[1] The plaintiff's misdemeanor conviction is not admissible under Rule 609(a)(1) because that rule governs felonies.  It also is not admissible under Rule 609(a)(2) because it is not a crimen falsi automatically admissible under Rule 609(a)(2).